# BARTLETT LLP

NASSAU | WESTCHESTER | SUFFOLK | NEW YORK CITY | FLORIDA

TEL: 516.877.2900 | FAX: 516.877.0732 | www.bartlettllp.com

June 4, 2021

Hon. Eric R. Komitee
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Becker v. Nassau BOSES School District; Randall Solomon, M.D., et al.*
Case No.: 2:21-cv-02855

Dear Judge Komitee:

Our firm represents Randall Solomon, M.D. and his professional corporation, Island Psychiatry, P.C. Dr. Solomon is a practicing psychiatrist with an office in Port Jefferson Station, New York. He was requested by Nassau BOCES School District to conduct an evaluation under Education Law §913, of a speech teacher, to evaluate her fitness for teaching in the School District. He saw her in the office for the first time on 2/24/2016, with a report dated 2/24/2016, and signed on 6/3/2016. She was treated by a private psychologist for a number of visits, and Dr. Solomon was asked to see her again. He did so on 10/5/2016 and signed the report on 10/24/2016.

It is requested that we have a pre-motion conference for permission to move to dismiss all causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is made on the basis of the statute of limitations as to all causes of action except for fraud. As to the fraud cause of action, the motion is made because the complaint does not comply with proper rules of pleading a fraud cause of action.

The reason for the evaluation is that the patient had multiple times where she was absent from work over the course of 3 years, totaling 365 days. Dr. Solomon evaluated her by questioning her, reading medical and hospital records that were provided by authorization, doing a mental status exam and talking to personnel of BOCES over the phone with regard to their concerns about the teacher.

Dr. Solomon recommended that the teacher was not fit to work as a teacher in the school. He was concerned that there was an overdose of medications such as oxycodone and fentanyl. The patient admitted that the dosages she took were more than what was reflected on the New York State Monitoring Program Registry on the internet, with her consent. At an arbitration hearing that was conducted on three dates in January and February 2016, an opinion was granted in favor of the teacher by the arbitrator, dated 5/3/2018. It should be noted that at a meeting with BOCES on June 24, 2016, the patient was present, and the reports of Dr. Solomon, with his recommendations and opinions, were discussed with her at that meeting.

The action was commenced in the Supreme Court of the State of New York, County of Nassau on 3/19/2021 and removed to the United States Court for the Eastern District. The Complaint alleges multiple causes of action for defamation and defamation per se (paragraph 95 of the Complaint and

**BARTLETT LLP**

following).  There is a claim of a denial of due process and equal protection of the law (Page 97), with a cause of action for a violation of the plaintiff's civil rights pursuant to Section 1983, and for violations of the Constitution of New York State, Article 1, Section 11 (paragraph 160 and following).  There is a cause of action for negligence (paragraph 130 and following) (Paragraphs 103, 106).  A cause of action for negligent infliction of emotional distress is alleged (paragraph 136 and following), and a cause of action for intentional infliction of emotional distress as well (paragraph 142 and following).  There is a cause of action for alleged fraud (paragraph 150 and following).

That as to the alleged violation of the United States Constitution, Judge Arthur Spatt, in *Bryant v. Steele*, 462 F. Supp.3d 249 (EDNY 2020), stated that the United States Constitution regulates only the government, not private parties.  He found that private practicing psychiatrists performing services in a private hospital are not "state actors" and therefore, dismissed the case against them for that reason.  In *Malcolm v. Rochester City School District,* 388 F. Supp.3d 257 (WDNY 2019), the Court stated that the same framework in discussing constitutional rights under New York Constitution, Article 1, Section 11, is the same as the analysis under Section 1983 regarding the United States Constitution.  That decision refers to the analysis regarding "state actors" and also equal protection claims under the New York State Constitution.

That as far as the statute of limitations is concerned, New York CPLR §203 entitles a method of computing periods of limitations generally:  Provides (a) Accrual of cause of action and interposition of claim.  The time within which an action must be commenced, except as otherwise expressly provided, shall be computed from the time the cause of action accrued, to the time the claim is interposed.  CPLR §306(a) of the CPLR, entitled Index Number in an Action or Proceeding Commenced in Supreme or County Court:  (a) Upon filing the summons and complaint, summons with notice or petition in an action or proceeding commenced in Supreme or County Court, with a clerk of the county, an index number shall be assigned, and the fee required by Subdivision A of Section 8018 of this chapter shall be paid.  In this case, the index number reflected on the Complaint indicates the action was commenced on 3/19/2021.  Under New York law, it has been held as a general principle, that the statute of limitations begins to run when a cause of action accrues; that is, when all the facts necessary to the cause of action have occurred, so the party would be entitled to obtain relief from the Court (confer *Fairlane Financial Corp. v. Scipione*, 174 A.D.3d 577, 105 NY Supp.3d 97 (2d Dept. 2019).  In *Veal v. Geraci*, 23 F.3d 722 (2d Cir. 1994), the Court stated:  "Under federal law, which governs the accrual of claims brought under Section 1983, see *E. G. Morse v. University of Vermont*, 973 F.2d 122, 125 (2d Cir. 1992), a claim accrues once the 'plaintiff knows or has reason to know of the injury which is the basis of the action.'"  (Citing cases).  In the case at bar, the plaintiff was informed of the information in Dr. Solomon's reports at the meeting with BOCES that took place on June 24, 2016.  The Second Circuit in *Veal v. Geraci, supra*, stated:  "There is no dispute here that the statute of limitations governing *Veal's* claim under Section 1983 is 3 years (citing *Owens v. Okure*, 488 U.S. 235, 251, 109 S. Ct. 573, 582, 102 L.Ed. 594 (1989).  New York State courts have similarly held that the statute of limitations on a 1983 claim is 3 years (confer *Barry v. Cadman Towers*, 136 A.D.3d 951, 25 NY Supp. 3d 342 (2d Dept. 2016); CPLR § 214, and *Way v. City of Beacon*, 96 A.D.3d 829, 832, 947 NY Supp.2d 531 (2d Dept. 2012).

The statute of limitations for defamation under New York law is one year, under CPLR §2015; the negligent statute in New York is 3 years under CPLR 2014 for personal injuries.  There is a 1-year statute of limitations for intentional torts under New York law, including intentional infliction of emotional distress.  *Moultry v. VI Healthcare Services*, 2009 W.L. 750219 (EDNY 2009); CPLR 2015

**BARTLETT LLP**

(3; *Mariani v. Consolidated Edison Co.,* 283 F.Supp. 267, 273 (SDNY 1997). The complaint alleges in Paragraph 107 that the defendant did not follow Protocol 109 and departed from reasonable standards of care, as if it were a medical malpractice case. CPLR §2014-a has a statute of limitations of 2 years and 6 months for a claim for medical malpractice. Beyond that, there was no doctor-patient relationship and no treatment rendered, which are required for a cause of action for medical malpractice.

As far as the claims set forward are concerned, it is submitted that none of them comply with the pleading requirements of either New York State law or federal law. The first claim is that Dr. Solomon did not tell her she could name her own doctor under Education Law §913. Dr. Briglio was at the second evaluation in Dr. Solomon's office. Beyond that, the School District had the right to pick a psychiatrist for the evaluation (claim of *Hirsch*, 126 A.D.2d 782, 510 N.Y.S.2d 728 (3d Dept. 1987). The second so-called claim of fraud is that Dr. Solomon had no contract with the School District; did not bid for the assignment and was paid under the table, all made in conclusory allegations, with no factual basis  There are no facts pleaded to support any of these allegations. There is a claim that there was fraud because Dr. Solomon's GAF was 50 (Paragraph 151), with no facts to indicate why those opinions were incorrect or were fraudulent.

The Complaint alleges collusion between the defendants and Dr. Solomon (Paragraphs 154, 158). There are no allegations of fact that indicate that such conversations took place at any time, or with whom he is supposed to have colluded. There are no allegations as to what was supposed to have been said to constitute such a conspiracy. The absence of these details makes these pleadings inadequate (confer *Fisk v. David Letterman, et al.,* 401 F. Supp.2d 367 (SDNY 2005). The Court in that case said that conclusory allegations are inadequate where the plaintiff pleads conspiracy, and the pleadings must present facts tending to show agreement and concerted action, (citing *Rutherford v. Katonah-Lewisboro School District, et al.,* 670 F.Supp.2d 230 (S.D.N.Y. 2009). The Court cited the leading case of *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1945, 171 L.Ed.2d 868 (209), where the Supreme Court of the United States advised how to interpret pleadings on a motion to dismiss pursuant to Rule 12(b)(6). It stated that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face, so the Court could draw the reasonable inference that the defendant is liable for the misconduct alleged.

The Court of Appeals in *Lerner, et al. Fleet Bank, N.A.*, 459 F.3d 273 (2d Cir. 2006) set forth New York Law, and FRCP 9(b), which sets forth a heightened pleading standard for allegations of fraud. New York State statutes require that in the pleading of fraud, ". . . the circumstances constituting the wrong shall be stated in detail". Citing CPLR §3016(b); and the material elements of each cause of action shall be pleaded. (CPLR §3013).

It is respectfully submitted that all plaintiff's causes of action in the Complaint should be dismissed.

Respectfully,

*Robert Devine*
Robert Devine

RD/arg