LAW OFFICES OF
# THOMAS F. LIOTTI, LLC
600 OLD COUNTRY ROAD - SUITE 530
GARDEN CITY, NEW YORK 11530

TELEPHONE: (516) 794-4700
FACSIMILE: (516) 794-2816
WEBSITE: www.tliotti.com

THOMAS F. LIOTTI◊

LUCIA MARIA CIARAVINO*
*Also Admitted in CT

JEAN LAGRASTA
ELLEN LUXMORE
Paralegals

June 4, 2021

Sent via ECF only
Honorable Eric R. Komitee
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Becker v. Nassau BOCES et. al.
            Civil Action Docket No. 21-cv-02855 (ERK) (ST)

Dear Judge Komitee:

    Our office represents the Plaintiff, Debra Becker, (hereinafter referred to as Plaintiff), with regard to the above referenced matter. I write to you in response to the letter filed by the Counsel for Nassau BOCES, Dr. Robert Dillon, Dr. Tracey Nekulak, Kim Scharoff, and Patricia Schwetz (the "Nassau BOCES" Defendants), dated May 31, 2021, and with respect to the Defendants' application for a pre-motion conference regarding an anticipated Motion to Dismiss the Complaint under Fed. R. Civ. P. 12 (b) (6).

    The Plaintiff is a dedicated, effective, and highly respected and highly educated, Speech and Hearing teacher of students with disabilities. While working for Nassau BOCES there began a continuing pattern of erroneously targeting the Plaintiff for unwarranted disciplinary action. The Plaintiff, under false pretenses, was ordered to attend a New York Education Law § 913 evaluation with Dr. Randall Solomon. The Defendant, Nassau BOCES erroneously relied upon Dr. Solomon's report, speciously determining Plaintiff to be unfit to return to her teaching position. Nonetheless, despite being exonerated of all charges and restored to her teaching position with the Nassau BOCES, Plaintiff's harm, as a result of the Defendants' actions, is continuing, and based upon unsubstantiated findings concerning Plaintiff's capabilities and mental competence to teach, which were known to be false.

    The events, as outlined in further detail in the Plaintiff's verified complaint appropriately demonstrate a violation of the Plaintiff's civil rights and due process and evidence claims of discrimination, defamation, negligence, breach of contract, negligent and intentional infliction of emotional distress, and fraud.

    Plaintiff opposes Defendants' argument that her State Law claims for Defamation, Negligence, IIED, NIED, and Due Process under the New York State Constitution are time-barred. The cases cited by the Defendants in this regard, are distinguishable from the instant matter. In *Laface v. Eastern Suffolk BOCES*, 349 F.Supp.3d 126, 163 (E.D.N.Y. 2018) and in *Cincotta v. Hempstead U.F.S.D.*, 2016 WL 4536873, (E.D.N.Y. 2016), the plaintiffs' claims were based upon allegations of discrimination; such is not the case here. In *Matter of Amorosi v. South Colonie Ind. Cent. School Dist.*, 9 N.Y.3d 367, 880 N.E.2d 6, 849 N.Y.S.2d 485, 2007 N.Y. LEXIS 3711, 2007 NY Slip Op 9904, 102 Fair Empl. Prac. Cas. (BNA) 669, the Court held that the plain language of Education Law § 3813(2-b) provided for a one-year statute of limitations for all non-tort claims. Thus, in this instance, the Plaintiff's claim for damages with respect to these tort claims accrues when she retires with a blemished record, unable to pursue or secure a position in education administration, as she was otherwise more than qualified to attain. In fact, she has worked her entire

1

◊Fellow, American Board of Criminal Lawyers

career with that goal in mind. Nonetheless, the Plaintiff's ability to secure employment in education administration has been devastated by the actions of the Defendants, causing the Plaintiff severe and irreparable financial damage.

Moreover, in *Gastman v. Department of Education, City of New York*, 2008 N.Y. Misc. LEXIS 8278, 2008 NY Slip Op 30534(U), in denying a defendant's motion to dismiss, the Court found that "[d]epending upon the circumstances ultimately determined to exist, this action 1) may be governed by a one year statute of limitations (see, Education Law § 3813), 2) may require a Notice of Claim (see, *Sangermano v. Board of Cooperative Educational Services of Nassau County*, 290 A.D.2d 498, 736 N.Y.S.2d 258 [2d Dept. 2002], 3) may be governed by a three year statute of limitations (see, *Lane-Weber v. Plainedge Union Free School District, et al.*, 213 AD2d 515, 624 N.Y.S.2d 185 [2d Dept. 1995]), and/or 4) may not require the filing of a Notice of Claim (see, *Lane-Weber v. Plainedge Union Free School District, et al.*, 213 AD2d 515, 624 N.Y.S.2d 185 [2d Dept. 1995], *and Board of Education of Enlarged Ogdensburg City School District v. Wagner Construction Corp.*, 45 AD2d 63, 356 N.Y.S.2d 371 [3d Dept. 1974], aff'd 37 NY2d 283, 333 N.E.2d 353, 372 N.Y.S.2d 45 [1975]."

Plaintiff has complied with the requirements of New York General Municipal Law Section 50-I by serving notices of claim upon the BOCES Defendants within the time required by New York General Municipal Law Section 50-e, and at the Defendants' request on November 12, 2018 and November 19, 2018, the Plaintiff submitted to hearings pursuant to New York General Municipal Law Section 50-h involving the events as referred to in the verified complaint. Thus, the Nassau BOCES Agency was named in Plaintiff's Notice of Claim, and there has been no failure to comply with the notice of claim requirement. Standing alone, the notice of claim adequately alerted the Nassau BOCES Defendants to claims of negligence, negligent infliction of emotional distress, fraud, and State Law due process. However, even assuming *arguendo*, the existence of such an insufficiency, in certain circumstances, even such a deficiency in the Notice of Claim can be cured when the appropriate facts are brought out at the 50-h hearing. See, *Mayer v. DuPont Associates, Inc.*, 80 A.D.2d 799, 799-800, 437 N.Y.S.2d 94, 94-95 (1st Dep't 1981). This is such a case. The extensive transcript of the hearing, which took place over two days, reveals that reference was made to these claims and of extensive facts on which such theories could be based. See, *Levine v. City of New York*, 111 A.D.2d 785, 787, 490 N.Y.S.2d 533, 535-36 (2d Dep't 1985). Thus the Defendants possessed the requisite knowledge of the Plaintiff's claims, and this argument must likewise fail.

The Plaintiff has adequately stated a claim of <u>defamation</u>. The hallmark of a defamation claim is reputational harm. It bears mentioning that Under New York law, some written statements are considered defamation (libel) *per se* if they "(1) charge plaintiff with a serious crime; (2) tend to injure plaintiff in its business, trade or profession; (3) [communicate that] plaintiff has some loathsome disease; or (4) impute unchastity." See, *Penn Warranty Corp. v. DiGiovanni*, 2005 NY Slip Op 25449 10 Misc3d 998 (2005). Such statements are presumed to cause injury, so a separate showing of harm is not necessary. Here, the facts as presented attribute to the Plaintiff unsubstantiated and permanent findings concerning her mental fitness, capabilities, and mental competence to teach and in this regard, has irreparably injured the Plaintiff in her profession and potential position as an educator and administrator. The Defendants cannot disregard every legal obligation and ethical responsibility and then rely upon those illegitimate findings in support of its position of truth. It is an utter travesty. Arguments of immunity and privilege under these circumstances are inapplicable. As such, the Defendants' argument concerning defamation must also fail.

The Plaintiff has adequately stated a claim of <u>fraud</u>. The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages. See, *Ross v. Louise Wise Servs., Inc.*, 8 NY3d 478, 488, 868 NE2d 189, 836 NYS2d 509 [2007]; *Lama Holding Co. v. Smith Barney*, 88 NY2d 413, 421, 668 NEd 1370, 646 NYS2d 76 [1996]). Following an investigation into what had been perpetrated against her, Plaintiff learned that the District never gave Dr. Solomon a contract for his work, and thus never publicly cited the terms and scope of his work. The Defendants made numerous misrepresentations of fact. It became clear that the Defendants' goal was to find Plaintiff unfit to work, so that she could be terminated. Defendants wanted Plaintiff to be evaluated by Dr. Solomon, and did not tell her she could be assessed by her own doctor, because they wanted to be able to rely solely on Dr. Solomon's opinion. Plaintiff's claims far exceed mere assertions that Nassau BOCES falsely accused her of being unfit for duty to try to

2

terminate her employment. The Plaintiff relied upon what she was being told by the Defendants to her detriment. Defendants' actions give rise to a cause of action for fraud due to the knowing and intentional misrepresentation made in connection with their collusion with the Dr. Solomon in an effort to terminate educational employees by having them erroneously declared mentally unfit to continue in their employment capacity. As such, the Defendants' argument concerning fraud must also fail.

The Plaintiff has adequately stated a claim of intentional infliction of emotional distress (IIED). The aforementioned conduct of the Defendants is extreme, outrageous, and unwarranted and constitutes a deliberate and persistent campaign of intimidation. For example, the Plaintiff was not allowed to leave her cubicle, except during lunch. She was refused permission to go to the bathroom during the workday, without producing a doctor's note. Also, the Plaintiff was denied a chair that had wheels; she was forced to work at her desk in a stationary chair. She was not allowed to speak to anyone else in the building, except between the hours of 12:00 pm and 1:00 pm. The Plaintiff was subjected to their hostile and irrational demands, which were further used to support the preferring of 3020-a charges against the Plaintiff. As such, the Defendants' argument concerning intentional infliction of emotional distress (IIED) must also fail.

Plaintiff's federal procedural due process claim does not fail as a matter of law. Determining whether the process provided is adequate requires a weighing of: (1) the private interest affected; (2) the risk of erroneous deprivation and the probable value of further safeguards; and (3) the governmental interest at issue. See, *Rivera—Powell*, supra, 470 F.3d at 466 (citing, *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976)). The Defendants correctly assert that the statute of limitations for §1983 claims brought in New York State is three years (see, *Owens v. Okure*, 488 U.S. 235, 250-51, 102 L. Ed. 2d 594, 109 S. Ct. 573 (1989)). Nonetheless, under Federal law, a claim of violation of 42 U.S.C. §1983 accrues at *"that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action."* See, I, 632 F.2d 185, 191 (2d Cir. 1980). In this instance, the Plaintiff's claim for damages with respect to these claims accrues when she retires with a blemished record, unable to pursue or secure a position in education administration. Even assuming *arguendo* that this Court would otherwise consider this claim as time barred, in cases, such as this, where a cause of action has been fraudulently concealed, the statute of limitations is tolled until the action is, or could have been, discovered through the exercise of due diligence.

In order "to prevail on a claim against a municipality under [§] 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." See, *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing, *Monell*, 436 U.S. at 690-691). Here, Plaintiff has alleged facts plausibly suggesting the existence of a formal policy, a specific action taken or decision made by a municipal policymaking official, or a practice so widespread that it practically has the force of law. Plaintiff Dr. Solomon is engaged by many, if not all, of the Nassau County and Suffolk County School Districts, wherein he allegedly employs similar subversive tactics, such that identical diagnosis of incapability and mental incompetence are rendered against teachers without any corroboration or basis. In this regard, the Defendants' have failed to substantiate any basis for the Court to dismiss the §1983 claims against all individual defendants on qualified immunity grounds. An official's conduct violates clearly established law when, at the time of the challenged conduct, "[t]he contours of [a] right [are] sufficiently clear" that every "reasonable official would [have understood] that what he is doing violates that right." See, *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987). Certainly, the facts and circumstances of this matter would easily meet that threshold.

3

Accordingly, the Defendants have not demonstrated a basis to proceed with a Motion to Dismiss, and accordingly, any request in this regard should be denied.

Respectfully submitted,

Thomas F. Liotti

cc: **By ECF**
Sokoloff Stern, LLP
Adam I. Kleinberg, Esq.
Chelsea Weisbord, Esq.
Attorneys for Nassau BOCES Defendants

Robert Devine, Esq.
Attorney for Defendants Dr. Solomon and Island Psychiatry, PC