

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514  PHONE (516)334-4500  FAX (516)334-4501  WWW.SOKOLOFFSTERN.COM

CHELSEA WEISBORD
CWEISBORD@SOKOLOFFSTERN.COM

August 19, 2021

VIA ECF

Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

          Re:    *Becker v. Nassau BOCES et. al.*
                 Docket No.   21-cv-02855 (ERK) (ST)
                 File No.      180074

Your Honor:

      This firm represents defendants Nassau BOCES, Dr. Robert Dillon, Dr. Tracey Nekulak, Kim Scharoff, and Patricia Schwetz (the "Nassau BOCES" defendants).

      We write in response to plaintiff's amended complaint filed on August 17, 2021 (Dkt. No. 13) and in accordance with Your Honor's July 20, 2020 Order directing the Nassau BOCES defendants to file a letter addressing whether this Court can consider the notice of claim on a motion to dismiss or if the motion should instead be converted to a motion for summary judgment. (Dkt. No. 11.)

      "A district court must convert a motion for judgment on the pleadings to one for summary judgment if the motion includes materials "outside the pleadings" and that material is "not excluded by the court." *Sira v. Morton*, 380 F.3d 57, 66 (2d Cir. 2004) (quoting Fed. R. Civ. P. 12(c)). Under Rule 12(b) of the Federal Rules of Civil Procedure, "[a] complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference are 'integral' to the complaint." *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (internal citations omitted); *see also Henneberger v. Cty. of Nassau*, 465 F. Supp. 2d 176, 184 (E.D.N.Y. 2006) (holding the complaint includes "any statements of documents incorporated into it by reference") (quoting *Paulemon v. Tobin,* 30 F.3d 307, 308–09 (2d Cir. 1994)).

      Here, the Court may properly consider the notice of claim at the motion to dismiss stage because it is incorporated into the Amended Complaint by reference. (Dkt. No. 13, ¶ 97.) Courts

in this circuit have considered a plaintiff's notice of claim in deciding a motion to dismiss where the plaintiff explicitly referenced it in the complaint. *See e.g.*, *Einsohn v. The New York City Department of Education, et al.,* No. 17-CV-1863 (RRM)(RML), 2019 WL 4736732, at *3 (E.D.N.Y. Sept. 27, 2019) (considering plaintiff's notice of claim when deciding defendants' motion to dismiss because "the amended complaint explicitly refers to it"); *Johnson v. City of New York*, No. 1:15-CV-8195 (GHW), 2017 WL 2312924, at *7, n. 8 (S.D.N.Y. May 26, 2017) (considering notice of claim filed by plaintiff when decision motion to dismiss because it was explicitly referenced in the amended complaint); *Lipford v. City of Rochester*, No. 16-CV-6266-(FPG), 2017 WL 4344633, at *3 (W.D.N.Y. Sept. 29, 2017) (considering notice of claim in deciding defendants' motion to dismiss because plaintiff referred to it in his complaint); *Powell v. Dep't of Educ. of City of New York*, No. 14-CV-2363 (PKC), 2015 WL 5772211, at *1 (E.D.N.Y. Sept. 30, 2015) (considering plaintiff's notice of claim because it was "incorporated by reference in the Amended Complaint"); *Weaver v. City of New York*, No. 13-CV-20 (CBA)(SMG), 2014 WL 950041, at *4 (E.D.N.Y. Mar. 11, 2014) (considering a notice of claim when deciding motion to dismiss because it was incorporated by reference into the complaint); *Lumaj v. Williams*, No. 03-CV-1849 (PKC), 2004 WL 1207894, at *1 (S.D.N.Y. June 2, 2004) ("[T]he Court may consider documents extrinsic to plaintiff's pleading-such as the Notice of Claim-where, as here, such documents are incorporated by reference in a *pro se* complaint.") (citing *Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir. 2001)).

Even if the notice of claim was not explicitly referenced in the Amended Complaint, this Court could still consider it at the motion to dismiss stage because the notice of claim is a precondition to plaintiff's state law claims against the school district and its district officials and "thus it is an integral part of the Complaint." *Lipford*, 2017 WL 4344633, at *3 (citing *Hazan v. City of New York*, No. 98 Civ. 1716 (LAP), 1999 WL 493352, at *6 (S.D.N.Y. July 12, 1999)); *see also Tyrrell v. Seaford Union Free Sch. Dist.*, No. 08-CV-4811 (SJF)(MLO), 2010 WL 1198055, at *2 (E.D.N.Y. Mar. 25, 2010) ("A notice of claim is properly considered on a motion to dismiss pursuant to Rule 12(b)(6) as an integral part of the complaint, since it is a precondition to bringing a tort claim against a municipality or municipal corporation.") (citation omitted)

For the reasons discussed above, we respectfully submit that this Court may consider plaintiff's notice of claim when deciding the Nassau BOCES defendants' Rule 12(b) motion to dismiss, and there is no need to convert the motion to one for summary judgment under Rule 12(c).

      Upon review of the amended complaint, we do not believe the new pleading drastically alters the issues raised at the pre-motion conference and we intend to serve a motion to dismiss the amended complaint on or before the September 8, 2021 deadline set by the Court. As per the schedule set by the Court, plaintiff's opposition will be served on or before October 8, 2021, with reply papers to follow on or before October 18, 2021, and the motion filed by ECF thereafter.

      Thank you for the consideration of this matter.

Respectfully submitted,

SOKOLOFF STERN LLP

ADAM I. KLEINBERG
CHELSEA WEISBORD

cc: All Counsel of Record (via ECF)