UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DEBRA BECKER,

                          Plaintiff,

        -against-

NASSAU BOCES SCHOOL DISTRICT, BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY (NASSAU BOCES); DR. ROBERT DILLON, Individually and as District Superintendent of the Board of Cooperative Educational Services of Nassau County; DR. TRACEY NEKULAK, Individually and as Executive Director of Human Resources of the Board of Cooperative Educational Services of Nassau County; KIM SCHAROFF, Individually and as Supervisor 1-Speech Language and Hearing Services of the Board of Cooperative Educational Services of Nassau County; PATRICIA SCHWETZ, Individually and as Assistant Director of the Board of Cooperative Educational Services of Nassau County; DR. RANDALL SOLOMON; ISLAND PSYCHIATRY, PC; and JOHN DOE AND JANE DOE # 1-100, said names being fictitious, it being the intent of Plaintiff to designate any and all individuals, officers, members, agents, servants, and/or employees of the aforementioned agencies owing a duty of care to Plaintiff, individually and jointly and severally,

                         Defendants.
-------------------------------------------------------------------X

Docket No.:
21-cv-02855 (EK) (ST)

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE NASSAU BOCES DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

                                        SOKOLOFF STERN LLP
                                        *Attorneys for Defendants*
                                        179 Westbury Avenue
                                        Carle Place, New York 11514
                                        (516) 334-4500
                                        File No. 130062

Of Counsel:
   Adam I. Kleinberg
   Chelsea Weisbord

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIESS ........................................................................................................ ii

ARGUMENT ................................................................................................................................ 1

    I.   THE COURT SHOULD DISREGARD THE NEW FACTUAL ALLEGATIONS ALLEGED FOR THE FIRST TIME IN PLAINTIFF'S OPPOSITION PAPERS ................................................................. 1

    II.  THE COURT SHOULD DISMISS PLAINTIFF'S STATE LAW CLAIMS ........................................... 1

    III. THE COURT SHOULD DISMISS PLAINTIFF'S FEDERAL DUE PROCESS CLAIM ......................... 8

# TABLE OF AUTHORITIES

Page(s)

Cases

*A.W. by E.W. v. New York Dep't of Educ.*,
   2021 WL 611409 (E.D.N.Y. 2021) ............................................................................... 5, 6

*Allstate Ins. Co. v. Rozenberg*,
   771 F. Supp. 2d 254 (E.D.N.Y. 2011) ................................................................................ 5

*Attallah v. New York Coll. of Osteopathic*,
   94 F. Supp. 3d 448 (E.D.N.Y. 2015) ................................................................................ 12

*Autotech Collision, Inc. v. The Inc. Vill. of Rockville Ctr. & the Bd. of Trustees of The Vill. of Rockville Ctr.*,
   2015 WL 7756124 (E.D.N.Y. Dec. 1, 2015) ................................................................... 12

*Buari v. City of New York*,
   2021 WL 1198371 (S.D.N.Y. Mar. 30, 2021) .................................................................... 8

*Catskill Dev., L.L.C. v. Park Place Entm't Corp.*,
   547 F.3d 115 (2d Cir. 2008) ............................................................................................... 9

*DeMartino v. New York State Dep't of Lab.*,
   167 F. Supp. 3d 342 (E.D.N.Y. 2016) ................................................................................ 8

*DiRuzza v. Vill. of Mamaroneck, N.Y.*,
   2014 WL 6670101 (S.D.N.Y. 2014) .............................................................................. 4, 5

*Doe v. City of New York*,
   2018 WL 3824133 (E.D.N.Y. Aug. 9, 2018) ................................................................... 10

*Friedman v. Wahrsager*,
   848 F. Supp. 2d 278 (E.D.N.Y. 2012) .............................................................................. 10

*Geiss v. Weinstein Co. Holdings LLC*,
   383 F. Supp. 3d 156 (S.D.N.Y. 2019) ................................................................................ 7

*K.D. v. White Plains Sch. Dist.*,
   921 F.Supp.2d 197 .............................................................................................................. 4

*Levine v. City of New York*,
   111 A.D.2d 785, 490 N.Y.S.2d 533 (2d Dep't 1985) ..................................................... 5, 6

*Liberty Mut. Ins. Co. v. Excel Imaging, P.C.*,
  879 F. Supp. 2d 243 (E.D.N.Y. 2012) ............................................................................... 7

*Lima v. New York City Dep't of Educ.*,
  2013 WL 3325002 (E.D.N.Y. 2013) ................................................................................. 4

*Mayer v. DuPont Assocs., Inc.*,
  80 A.D.2d 799, 437 N.Y.S.2d 94 (1st Dep't 1981) ...................................................... 5, 6

*McAdam v. Suffolk Cty. Police Dep't*,
  2017 WL 3206322 (E.D.N.Y. July 26, 2017) .................................................................. 8

*Miller v. Metro. Life Ins. Co.*,
  979 F.3d 118 (2d Cir. 2020) ............................................................................................. 6

*Mohamed v. Donald J. Nolan, Ltd.*,
  967 F. Supp. 2d 647 (E.D.N.Y. 2013) .............................................................................. 7

*Mohamed v. Nolan Law Grp.*,
  574 F. App'x 45 (2d Cir. 2014) ........................................................................................ 7

*Nasso v. Bio Reference Labs., Inc.*,
  892 F. Supp. 2d 439 (E.D.N.Y. 2012) .............................................................................. 7

*Peacock v. Suffolk Bus Corp.*,
  100 F. Supp. 3d 225 (E.D.N.Y. 2015) ......................................................................... 4, 13

*Romero v. City of New York*,
  839 F. Supp. 2d 588 (E.D.N.Y. 2012) ............................................................................ 11

*RxUSA Wholesale, Inc. v. Alcon Lab'ys, Inc.*,
  661 F. Supp. 2d 218 (E.D.N.Y. 2009) .............................................................................. 4

*Segal v. City of New York*,
  459 F.3d 207 (2d Cir. 2006) ........................................................................................... 12

*Sidney Frank Importing Co. v. Beam Inc.*,
  998 F. Supp. 2d 193 (S.D.N.Y. 2014) .............................................................................. 9

*Thomas v. New York City Dep't of Educ.*,
  938 F. Supp. 2d 334 (E.D.N.Y. 2013) ............................................................................ 10

*Tyrrell v. Seaford Union Free Sch. Dist.*,
  792 F. Supp. 2d 601 (E.D.N.Y. 2011) .............................................................................. 6

*Uddoh v. United Healthcare*,
    254 F. Supp. 3d 424 (E.D.N.Y. 2017) .................................................................................. 9

*Walsh v. Suffolk Cty. Police Dep't*,
    341 F. App'x 674 (2d Cir. 2009) ........................................................................................ 12

*Walsh v. Suffolk Cty. Police Dep't*,
    2008 WL 1991118 (E.D.N.Y. May 5, 2008) ....................................................................... 12

**Statutes**

New York General Municipal Law § 50-e(6) ................................................................................ 6

# ARGUMENT

## I. THE COURT SHOULD DISREGARD THE NEW FACTUAL ALLEGATIONS ALLEGED FOR THE FIRST TIME IN PLAINTIFF'S OPPOSITION PAPERS

Plaintiff's opposition contains new factual allegations of the alleged "continuing harm" she claims to have experienced recently. (Pl. Opp. at pp. 2-3.) These new factual allegations should be disregarded because "it is well-settled that a plaintiff cannot amend [her] complaint by asserting new facts or theories for the first time in opposition to [a] motion to dismiss." *Peacock v. Suffolk Bus Corp.,* 100 F. Supp. 3d 225, 231 (E.D.N.Y. 2015) (quoting *K.D. v. White Plains Sch. Dist.,* 921 F.Supp.2d 197, 209 n. 8 (S.D.N.Y. 2013)); *see also RxUSA Wholesale, Inc. v. Alcon Lab'ys, Inc.*, 661 F. Supp. 2d 218, 233 (E.D.N.Y. 2009) ("It is long-standing precedent in this circuit that parties cannot amend their pleadings through issues raised solely in their briefs."), *aff'd sub nom. RxUSA Wholesale Inc. v. Alcon Lab'ys*, 391 F. App'x 59 (2d Cir. 2010).

## II. THE COURT SHOULD DISMISS PLAINTIFF'S STATE LAW CLAIMS

Becker's state law claims are procedurally barred by the applicable statute of limitations, as well as by Becker's failure to comply with the notice of claim requirements. Further, she failed to satisfy the requisite elements of each claim.

### A. Plaintiff's Failure to Comply with the Notice of Claim Requirement

Notice of claim requirements are strictly construed by courts and the failure to abide by their terms mandates dismissal of the action. *See Lima v. New York City Dep't of Educ.*, 2013 WL 3325002, at *5 (E.D.N.Y. 2013). The notice of claim requirements require plaintiffs to properly name municipal defendants as respondents in a notice of claim. *See DiRuzza v. Vill. of Mamaroneck, N.Y.*, 2014 WL 6670101, at *2 (S.D.N.Y. 2014), *aff'd sub nom. DiRuzza v. Lanza*, 685 F. App'x 34 (2d Cir. 2017). Here, Becker failed to name Nassau BOCES as a respondent in her notice of claim. Because the notice of claim requirement must be strictly construed, Becker's

failure to properly identify Nassau BOCES as a defendant warrants dismissal of the state law claims against Nassau BOCES.

The notice of claim requirements also require a plaintiff to set forth the "nature of claim" and theories of liability in a notice of claim. (Def. Mot. at p. 7 (citing *A.W. by E.W. v. New York Dep't of Educ.,* 2021 WL 611409, at *5 (E.D.N.Y. 2021).) Courts must dismiss those claims or theories of liability not set forth in the notice of claim. (Def. Mot. at pp. 7-8 (collecting cases).) Accordingly, Becker's negligence, NIED, and fraud claims must be dismissed based on her failure to assert these theories of liability in her notice of claim. *Id.*

Becker concedes she failed to assert negligence, NIED, and fraud claims in her notice of claim but claims this failure should be overlooked because the "appropriate facts" were "brought out at the hearing that takes place before a municipality's representative." (Pl. Opp. At p. 70.) This argument falls flat. Initially, this Court cannot consider Becker's 50-h testimony, which notably is not even before this Court. Even if Becker had submitted her 50-h testimony along with her opposition, this Court cannot consider Becker's 50-h testimony which is neither incorporated into the Amended Complaint by reference nor integral to it. *See Allstate Ins. Co. v. Rozenberg*, 771 F. Supp. 2d 254, 268 (E.D.N.Y. 2011).

In any event, Becker cites no case law to support her proposition that her 50-h testimony somehow absolves her of her failure to assert certain legal theories in her notice of claim. Her reliance on *Mayer v. DuPont Assocs., Inc.,* 80 A.D.2d 799, 437 N.Y.S.2d 94 (1st Dep't 1981) and *Levine v. City of New York*, 111 A.D.2d 785, 490 N.Y.S.2d 533 (2d Dep't 1985), is sorely misplaced. These cases are not binding precedent on this Court. Even if they were, they are not applicable. In *Mayer*, the notice of claim inadvertently omitted the precise location of an accident but otherwise complied with all notice of claim requirements. *See Mayer*, 80 A.D.2d at 799. The

location of the accident was identified at a 50-h examination. *Id.* The court overlooked this omission pursuant to New York General Municipal Law § 50-e(6) which permits courts to overlook certain non-prejudicial mistakes, omissions, irregularities, or defects made in good faith in the notice of claim. *Id.* That provision cannot save Becker's negligence, NIED, and fraud claims from dismissal because "Section 50-e(6) merely permits correction of good faith, non-prejudicial, technical mistakes, defects or omissions, not substantive changes in the theory of liability." *Tyrrell v. Seaford Union Free Sch. Dist.*, 792 F. Supp. 2d 601, 637 (E.D.N.Y. 2011); *see also A.W. by E.W. v. New York Dep't of Educ.*, 519 F. Supp. 3d 128, 138, n.6 (E.D.N.Y. 2021) ("[A]dding the false imprisonment claim would constitute a substantive change in the theory of liability, and section 50-6(e) merely permits correction of good faith, non-prejudicial, technical mistakes, defects or omissions.") (collecting cases). Becker's reliance on *Levine* is odd considering the court found the notice of claim to be "plainly inadequate because it was silent as to the cause of [plaintiff's] fall" and would not overlook this defect pursuant to New York General Municipal Law section 50-e(6). *See Levine*, 111 A.D.2d at 787.

  **B. All of Plaintiff's State Law Claims, Except for the Fraud Claim, Are Time-Barred**

  Becker also fails to comply with the Education Law's one-year statute of limitations requirement. Since the challenged conduct all took place between November 2015 and May 2018 and Becker did not file her complaint under March 19, 2021, all of her state law claims (except for the fraud claim) must be dismissed time-barred by the one-year statute of limitations.

  Becker cannot rely on the "continuing wrong" doctrine to revive her stale state law claims since the last "wrong" alleged in the Amended Complaint took place in 2018. While Becker claims she has experienced continuing harm, that does not trigger the continuing violation doctrine. *See Miller v. Metro. Life Ins. Co.*, 979 F.3d 118, 122 (2d Cir. 2020) ("New York courts have explained

3

that tolling based on the doctrine may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct.").

Nor can Becker invoke the doctrines of equitable estoppel or equitable tolling to sidestep the one-year statute of limitations for her stale state law claims. "A plaintiff may assert equitable estoppel where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Nasso v. Bio Reference Labs., Inc.*, 892 F. Supp. 2d 439, 454 n.6 (E.D.N.Y. 2012). It is "fundamental to the application of equitable estoppel for plaintiffs to establish that subsequent and specific actions by defendants somehow kept them from timely bringing suit." *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 172 (S.D.N.Y. 2019); *Liberty Mut. Ins. Co. v. Excel Imaging, P.C.*, 879 F. Supp. 2d 243, 269 (E.D.N.Y. 2012). And such actions "must entail affirmative steps to prevent a plaintiff from bringing a claim." *Geiss*, 383 F. Supp. 3d at 172. Mere failure to disclose wrongdoing is insufficient. *See Mohamed v. Donald J. Nolan, Ltd.*, 967 F. Supp. 2d 647, 655 (E.D.N.Y. 2013), *aff'd sub nom. Mohamed v. Nolan Law Grp.*, 574 F. App'x 45 (2d Cir. 2014).

Plaintiff does not allege defendants took any steps, let alone affirmative steps, that somehow kept her from timely bringing a lawsuit. And she does not allege Nassau BOCES induced her through fraud, misrepresentations, or deception, to refrain from filing a timely lawsuit. These defects in the complaint are fatal to Becker's equitable estoppel theory. This is not a situation where Becker discovered a wrong, that had been concealed by fraud, and promptly filed suit after making the discovery. On the contrary, Becker timely served a notice of claim and appeared for a 50-h examination. But rather than timely filing suit after her 50-h examination she, for whatever reason, sat on her rights and waited nearly three years to file suit. Becker's state law claims (except for fraud) must be dismissed as time-barred by the one-year statute of limitations.

4

### C. Plaintiff's Due Process Claim Under the NYS Constitution Must Be Dismissed

Becker's due process claim under the NYS Constitution is barred as against the individual defendants because the NYS Constitution provides no private cause of action where, as here, an alternative remedy exists under federal law. *See Buari v. City of New York*, 2021 WL 1198371, at *29 (S.D.N.Y. Mar. 30, 2021) (dismissing state constitutional due process claims against individual defendants because Section 1983 provides an adequate remedy) (collecting cases).

Additionally, Becker's state procedural due process claims against all Nassau BOCES defendants, including Nassau BOCES itself, are subject to the same analysis as their federal counterparts and thus fail for the same reasons set forth in defendants' moving papers and below. *See McAdam v. Suffolk Cty. Police Dep't*, 2017 WL 3206322, at *6 (E.D.N.Y. July 26, 2017) ("[D]ue process guarantees of the New York Constitution have been interpreted by New York courts generally to be coextensive with federal due process protections."); *see also DeMartino v. New York State Dep't of Lab.*, 167 F. Supp. 3d 342, 374 (E.D.N.Y. 2016), *aff'd in part, dismissed in part,* 712 F. App'x 24 (2d Cir. 2017).

### D. Plaintiff's Defamation Claim Must Be Dismissed

Becker's defamation claim fails because the Amended Complaint lacks the necessary allegations and because the allegedly defamatory statements are absolutely privileged or, at a minimum, protected by a qualified privilege. (Def. Mot. at pp. 18-21.) Becker's opposition does not change this analysis. In their moving papers, defendants argued Becker's allegations of defamation are conclusory and lack the type of particularity required for asserting a viable defamation claim. (*Id.* at p. 18.) In opposition, Becker does not even respond to this argument, much less debunk it. In doing so, Becker has effectively conceded the failure to adequately allege a defamation claim. Becker also concedes by omission that the statements are privileged.

5

### E. Plaintiff's Common Law Fraud Claim Must Be Dismissed

As argued above, the fraud claim must be dismissed because it was not asserted in the notice of claim. (*See supra* Point II(A).) Regardless, as argued in the defendants' moving papers, Becker's common law fraud claim must be dismissed because the conclusory allegations in the Amended Complaint come nowhere near satisfying the heightened pleading standard for fraud claims. Specifically, Becker has not even alleged, much less demonstrated, that defendants made a false representation in order to deceive or induce her, or that she justifiably relied on any alleged misrepresentations and suffered damages as a result. Plaintiff's opposition adds nothing to the equation. The common law fraud claim must be dismissed.

### F. Plaintiff's Tortious Interference Claim Must Be Dismissed

The Amended Complaint asserts a cause of action "for tortious interference with employment." (*See* Ex. A at p. 37.) In their moving papers, defendants argued Becker has failed to state a tortious interference with employment claim. (Def. Mot. at pp. 22-23.) In opposition, Becker does not dispute this. Rather, she claims she meant to assert a tortious interference with business relations claim. Becker did not assert this cause of action in her Amended Complaint, and she cannot do so now. *See Uddoh v. United Healthcare*, 254 F. Supp. 3d 424, 429 (E.D.N.Y. 2017) (holding plaintiff is not permitted to interpose a new legal theory in opposing a motion to dismiss).

Regardless, the claim still fails because Becker has not satisfied the requisite elements of the claim. To state a claim for tortious interference with business relations, a plaintiff must allege (1) she plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship. *See Sidney Frank Importing Co. v. Beam Inc.*, 998 F. Supp. 2d 193, 211 (S.D.N.Y. 2014) (quoting *Catskill Dev., L.L.C. v. Park*

*Place Entm't Corp.,* 547 F.3d 115, 132 (2d Cir. 2008)). "[A]llegations of a more culpable conduct on the part of the defendant is required for the tort of interference with business relations than for the tort of interference with contract." *Friedman v. Wahrsager*, 848 F. Supp. 2d 278, 299 (E.D.N.Y. 2012). This is because "greater protection is accorded an interest in an existing contract than to the less substantive, more speculative interest in a prospective business relationship." *Id.*

Becker has not satisfied any of these requisite elements. The Amended Complaint does not contain any factual allegations demonstrating she had business relations with a third party. In Becker's opposition papers do not even identify such a third party. Even if Becker sufficiently alleged that she had business relations with a third party, there are still no allegations in the Amended Complaint demonstrating Nassau BOCES acted for a wrongful purpose or used dishonest, unfair, or improper means in order to interfere with those business relations. And Becker certainly has not alleged the type of culpable conduct required to make out a tortious interference with business relations claim. The claim fails as a matter of law.

### G. Plaintiff's Negligence Claim Must Be Dismissed

Other than using buzzwords, the Amended Complaint alleges the negligence claim in a purely conclusory fashion. Becker's opposition is no better. For the reasons set forth in defendants' moving papers, the Court should dismiss Becker's negligence claim.

### H. Plaintiff's Intentional and Negligence Infliction of Emotional Distress Claims Must Be Dismissed

The IIED claim against Nassau BOCES must be dismissed because public policy bars claims sounding in intentional infliction of emotional distress against a governmental entity. *See Doe v. City of New York*, 2018 WL 3824133, at *10 (E.D.N.Y. Aug. 9, 2018) (collecting cases); *Thomas v. New York City Dep't of Educ.*, 938 F. Supp. 2d 334, 359 (E.D.N.Y. 2013) (collecting cases). Becker does not cite to a single case in which a court held a governmental entity liable for

intentional infliction of emotional distress. She oddly cites to *Romero v. City of New York*, a case where the court dismissing an IIED claim against the New York City Department of Education. *See Romero v. City of New York*, 839 F. Supp. 2d 588, 629 (E.D.N.Y. 2012).

In any event, Becker fails to state a viable IIED or NIED claim against defendants because the allegations in the Amended Complaint simply do not constitute the type of severe and outrageous conduct required to give rise to such claims. Plaintiff's opposition does not cure this fatal defect. Even if Becker had stated viable IIED and NIED claims (which she has not), they still must be dismissed as duplicative of her defamation claim. (Def. Mot. at p. 25.) By failing to respond to this argument, Becker has effectively conceded it.

## III. THE COURT SHOULD DISMISS PLAINTIFF'S FEDERAL DUE PROCESS CLAIM

The Fourteenth Amendment procedural due process claim fails on several procedural and substantive grounds.

***First***, the portion of Becker's procedural due process claim based on Dr. Solomon's § 913 psychiatric evaluations must be dismissed as time-barred by a three-year statute of limitations. While Becker continues to cling to the continuing violation doctrine to overcome the statute of limitations, it simply does not apply to her federal due process claim. (Def. Mot. at pp. 10-11.)

***Second***, the existence of adequate post-deprivation remedies precludes the procedural due process claim. (Def. Mot. at pp. 11-12.) Specifically, Becker had the opportunity to pursue a CBA grievance and Article 78 petition, both of which constitute adequate post-deprivation remedies for due process purposes. (*Id.*) The fact that Becker failed to pursue these post-deprivation remedies when she had the chance does not mean she can pursue a procedural due process claim now. On the contrary, her failure to pursue these post-deprivation remedies strips this Court of subject matter jurisdiction over the procedural due process claim. (Def. Mot. at p. 13.)

***Third***, the stigma plus due process claim is barred for the same reason. "[T]he availability of adequate process defeats a stigma-plus claim." *See Segal v. City of New York*, 459 F.3d 207, 213 (2d Cir. 2006) (collecting cases). A name-clearing hearing is sufficient to protect the liberty interests implicated in a stigma-plus claim. *See Walsh v. Suffolk Cty. Police Dep't*, 341 F. App'x 674, 676 (2d Cir. 2009) (citing *Segal*, 459 F.3d at 214). Here, Becker's stigma-plus claim is barred because an Article 78 proceeding was available to her. *See Attallah v. New York Coll. of Osteopathic Med.*, 94 F. Supp. 3d 448, 458 (E.D.N.Y. 2015), ("[C]ourts have consistently held that Article 78 proceedings provide sufficient procedural protection as post-deprivation name-clearing hearings."), *aff'd,* 643 F. App'x 7 (2d Cir. 2016); *see also Walsh v. Suffolk Cty. Police Dep't*, 2008 WL 1991118, at *14 (E.D.N.Y. May 5, 2008) (holding plaintiff's stigma plus due process claim was not cognizable because of an adequate remedy in the form of an Article 78 proceeding), *aff'd,* 341 F. App'x 674 (2d Cir. 2009).

***Fourth***, the procedural due process claim must be dismissed because Becker cannot satisfy the requisite elements of the claim. The traditional due process claim must be dismissed because Becker concedes she was provided with all the process she was due under the Fourteenth Amendment: written notice of the charges being brought against her and a pre-termination hearing. (Def. Mot. at p. 14.) Nor has Becker satisfied the requisite elements of a stigma plus due process claim. Because a stigma-plus claim is a type of procedural due process claim, a plaintiff must show a deprivation of a fundamental liberty or property interest and the absence of a state remedy." *Autotech Collision, Inc. v. The Inc. Vill. of Rockville Ctr. & the Bd. of Trustees of The Vill. of Rockville Ctr.*, 2015 WL 7756124, at *3 (E.D.N.Y. Dec. 1, 2015) (quoting *Segal*, 459 F.3d at 213), *aff'd sub nom.*, 673 F. App'x 71 (2d Cir. 2016). As argued above, Becker had an available state remedy in the form of an Article 78 petition.

***Fifth***, the *Monell* claim against Nassau BOCES must be dismissed because Becker has suffered no violation of her constitutional rights. (Def. Mot. at pp. 14-15.)

***Sixth***, as argued in defendants' moving papers, Becker's Section 1983 procedural due process claims against individual defendants Dillon, Scharoff, and Schwetz must be dismissed because the Amended Complaint does not allege they were personally involved in the alleged constitutional violations. (Def. Mot. at pp. 15-16.) Faced with the realization that her Amended Complaint does not even include specific factual allegations relating to Dillon, Becker's opposition contains new allegations that characterize Dillon as the mastermind behind Nassau BOCES alleged plot to terminate her employment. (Pl. Opp. at p. 16.) These new factual allegations should be disregarded because Becker cannot amend her complaint by asserting new facts for the first time in opposition to a motion to dismiss. *See Peacock,* 100 F. Supp. 3d at 231. In any event, these new factual allegations must be ignored because they merely speculate as to what Dillon was supposedly thinking. Becker has not demonstrated Scharoff and Schwetz were personally involved in the alleged constitutional violations either. While she claims they harassed her in the work place, Becker does not show these individuals were involved in the alleged constitutional violations, *i.e.*, the decisions to subject her to an evaluation, disciplinary charges, or suspension.

***Seventh***, all individual defendants should be afforded qualified immunity from suit as Becker has not pointed to a single case suggesting, under the circumstances pleaded here, that defendants violated her clearly established and well-settled due process rights.

Dated: Carle Place, New York
      November 5, 2021                                             SOKOLOFF STERN LLP

                                                                                   By:    ADAM I. KLEINBERG
                                                                                            CHELSEA WEISBORD