**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X

DEBRA BECKER,

                     Plaintiff,                **MEMORANDUM AND ORDER**

    v.                                                  21-CV-2855 (ST)

NASSAU BOCES SCHOOL DISTRICT, BOARD OF
COOPERATIVE EDUCATIONAL SERVICES OF
NASSAU COUNTY (NASSAU BOCES); DR. ROBERT
DILLON, INDIVIDUALLY AND AS DISTRICT
SUPERINTENDENT OF THE BOARD OF COOPERATIVE
EDUCATIONAL SERVICES OF NASSAU
COUNTY; DR. TRACEY NEKULAK, INDIVIDUALLY
AND AS EXECUTIVE DIRECTOR OF HUMAN RESOURCES
OF THE BOARD OF COOPERATIVE EDUCATIONAL
SERVICES OF NASSAU COUNTY; KIM SCHAROFF,
INDIVIDUALLY AND AS SUPERVISOR 1-SPEECH
LANGUAGE AND HEARING SERVICES OF THE BOARD
OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU
COUNTY; PATRICIA SCHWETZ, INDIVIDUALLY AND
AS ASSISTANT DIRECTOR OF THE BOARD OF
COOPERATIVE EDUCATIONAL SERVICES OF NASSAU
COUNTY; DR. RANDALL SOLOMON; ISLAND
PSYCHIATRY, PC; AND JOHN DOE AND
JANE DOE # 1-100, SAID NAMES BEING FICTITIOUS,
IT BEING THE INTENT OF PLAINTIFF TO DESIGNATE
ANY AND ALL INDIVIDUALS, OFFICERS, MEMBERS,
AGENTS, SERVANTS, AND/OR EMPLOYEES OF
THE AFOREMENTIONED AGENCIES OWING A DUTY OF
CARE TO PLAINTIFF, INDIVIDUALLY AND JOINTLY
AND SEVERALLY,

                     Defendants.
-------------------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

       Plaintiff Debra Becker ("Plaintiff") commenced this action to recover damages for the harm allegedly caused to her reputation, livelihood and career as a teacher, against Nassau BOCES School District, Board of Cooperative Educational Services of Nassau County (Nassau

BOCES); Dr. Robert Dillon ("Dillon"), Individually and as District Superintendent of Nassau BOCES; Dr. Tracey Nekulak ("Nekulak"), individually and as Executive Director of Human Resources of Nassau BOCES; Kim Scharoff ("Scharoff"), Individually and as Supervisor 1-Speech Language and Hearing Services of Nassau BOCES; Patricia Schwetz ("Schwetz"), individually and as Assistant Director of Nassau BOCES; Dr. Randall Solomon ("Solomon"), as Nassau BOCES appointed psychiatrist; Island Psychiatry, PC ("Island Psychiatry"), as a professional corporation, founded and operated by Solomon; and John Doe and Jane Doe # 1-100.  Plaintiff seeks damages for claims including defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, fraud, violation of civil rights, and tortious interference of employment.

Before this Court are two motions:  First, Defendants' Nassau BOCES, Dillon, Nekulak, Scharoff, and Schwetz (collectively, "Nassau BOCES Defendants") Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and (6).  Second, Defendants' Solomon and Island Psychiatry's Motion to Dismiss pursuant to FRCP 12(b)(6).

For the reasons set forth below, this Court GRANTS both Motions to Dismiss.

I.  **BACKGROUND**

   A.  **Factual Background**

In 1989, Plaintiff commenced her employment with Nassau BOCES, as a Speech and Hearing Teacher for students with disabilities.  FAC ¶ 8.  In 2008, Plaintiff was assigned to teach at Nassau BOCES' Carmen Road School to provide speech services to special education students.  *Id*. ¶¶ 8, 23.  Since then, Plaintiff, a tenured female teacher, has sustained various work-related and non-work-related injuries including, among other things, flipping over a broken chair, accidentally slipping over spilled food in school hallway, having a total right knee

2

replacement, and dislocating her shoulder, all of which required her to take time off from work. *Id*. ¶¶ 30-35.  Plaintiff claims she experienced a lot of pain because of her injuries and that she was required to take leaves of absence for the appropriate treatments and medications.  *Id*. ¶ 37.

In November 2015, Plaintiff received a letter directing her to undergo a psychiatric evaluation at Defendant Dr. Solomon's office, to determine if she was fit to perform her job duties under NY Education Law § 913.  *Id*. ¶ 39.  Plaintiff claims her supervisor told her that the evaluation was routine; that it was Nassau BOCES' policy to evaluate an employee who takes multiple Workers Compensation leaves of absence; and that Plaintiff was being evaluated because of her time and attendance records.  *Id.* ¶ 40.  Plaintiff also alleges that on February 12, 2016, Defendant Nekulak, the then-Executive Director of Human Resources, allegedly told Plaintiff that she had started an investigation into her time and attendance.  *Id*. ¶ 44.  Plaintiff was allegedly removed from her teaching position and reassigned.  *Id*.

On February 24, 2016, Plaintiff appeared for her evaluation at Defendant Solomon's office.  *Id.* ¶ 45.  Plaintiff claims it was "more like an interrogation than an evaluation"; that she was "coerced' into signing a HIPAA release for her medical records; and that the HIPAA release form used by Defendant Solomon was non-compliant with the official government-issued form.  *Id*. ¶¶ 45-46.  Plaintiff also claims she was not advised she could bring a lawyer or a union representative, or she would have retained counsel and would not have signed a HIPAA release.  *Id*. ¶¶ 48-49.  Plaintiff further alleges that at that time of the evaluation she was in excruciating pain because she was suffering from a broken humorous bone and needed a total right shoulder replacement, which was scheduled for March 18, 2016.  *Id*.

Once Plaintiff was ready to return to work, she was informed that she was placed on administrative leave until further notice.  *Id*. 50.  Contemporaneously, on June 3, 2016, Dr.

Solomon provided his § 913 psychiatric evaluation report. *Id.* ¶ 51. Plaintiff alleges the report erroneously concluded she was not mentally fit to return to her teaching position. *Id.* Plaintiff claims Dr. Solomon's report labeled her a drug addict and concluded she had seven disorders, including an anti-social personality disorder. *Id.* ¶ 52. Plaintiff claims Nassau BOCES hired the evaluating psychiatrist, Defendant Dr. Solomon, without a bid and in violation of municipal procurement procedures. *Id.* ¶¶ 90-91. Plaintiff claims Dr. Solomon was hired deliberately and arbitrarily to find her unfit to work. *Id.* ¶¶ 91-92.

Plaintiff attended a meeting at Nassau BOCES, and it was recommended that she attend counseling through the Employee Assistance Program over the summer and potentially return to teaching. *Id.* ¶¶ 54-56. Plaintiff participated in the program as recommended and met with non-party Theresa Rauh-Hoell, a social worker/therapist. *Id.* ¶ 57. Eventually, Rauh-Hoell allegedly informed Nassau BOCES that Plaintiff was fit for work. *Id.*

Despite receiving three (3) separate letters indicating that she was fit for work from Rauh-Hoell, Dr. Kumar, and her psychologist, Dr. Richard Briglio, Nassau BOCES sent another letter to Plaintiff directing her that she was to continue on administrative leave until she went back to see Dr. Solomon on October 5, 2016 for another evaluation. *Id.* ¶ 58.

Plaintiff attended her second evaluation with Dr. Solomon and brought Dr. Briglio, her own psychologist. *Id.* ¶ 61. Plaintiff also claims that during the evaluation, Dr. Solomon kept insinuating that she was being dishonest about addiction, and that Dr. Solomon ignored the opinion of her doctors and accused them of "treating her irresponsibly." *Id.* ¶¶ 66-68. Plaintiff was also required to undergo a urine test. *Id.* ¶¶ 71-72.

On October 24, 2016, Dr. Solomon provided his second evaluation report. *Id.* ¶ 74.

He again found Plaintiff unfit to return to work. *Id.* Plaintiff alleges that her own psychologist, Dr. Briglio, disagreed with Dr. Solomon's reports and concluded Plaintiff's use of pain medication was not a dependence, but a necessity because of her prior shoulder surgery. *Id.* ¶ 75. Even though the urine test came back negative, Plaintiff claims Dr. Solomon falsely accused her of submitting someone else's urine and falsely opined the urine sample showed excessive alcohol abuse and indicated that Plaintiff was using drugs that would not show up in a urine test. *Id.* ¶¶ 71-72. Plaintiff claims she was falsely accused of malingering and resisting a return to work. *Id.* ¶ 73.

In March 2017, Nassau BOCES reassigned Plaintiff to the Robert E Lupinskie Center for Curriculum, Instruction, and Technology. *Id.* ¶ 78. Plaintiff claims Nassau BOCES erroneously relied on Dr. Solomon's reports to conclude she was unfit to return to teaching and reassigned her elsewhere. *Id.* ¶ 76. Her supervisors were Defendants Scharoff and Schwetz. *Id.* Plaintiff alleges Scharoff and Schwetz belittled her and made comments about denying her bathroom visits without a doctor's note, denying Plaintiff a chair with wheels, and not allowing her to speak to anyone outside of her one-hour lunch break. *Id.* ¶¶ 79-81.

Subsequently, Plaintiff was notified of the commencement of a disciplinary proceeding against her in accordance with NY Education Law § 3020-a. *Id.* 82. Section 3020-a hearings were held on January 31, February 12, and February 16, 2018. *Id.* ¶ 87. Subsequent to the hearings, on May 3, 2018, it was concluded that Dr. Solomon was "improperly retained [by Nassau BOCES] because he never bid for his work." *Id.* ¶ 94. The hearing officer also disagreed with Dr. Solomon's opinion that Plaintiff was unfit to perform her work. *Id.* ¶¶ 87, 94.

5

Plaintiff asserts her reputation was harmed when Defendants presented "false and defamatory charges" against her in the disciplinary charges. *Id.* ¶ 82. Despite being exonerated of all charges against her and restored to her teaching position with the Nassau BOCES, Plaintiff claims that the harm as a result of the Defendants' actions is continuing, as a result of her having to disclose the fact that she was previously charged with disciplinary action and placed on administrative leave. *Id.* ¶ 95. Plaintiff claims that these unfounded charges are a part of her permanent record with the New York State Department of Education that can be publicly viewed. *Id.* ¶ 170. Plaintiff claims that due to the erroneous § 913 psychological examinations by Dr. Solomon, wherein he made unsubstantiated findings concerning Plaintiff's capabilities and mental competence to teach, Plaintiff's employment prospects in her field of expertise are impacted and that she continues to suffer through emotional and physical distress. *Id.* ¶ 96.

### B. Procedural Posture

On May 21, 2018, Plaintiff filed a Notice of Claim against Dillon, the District Superintendent of Nassau BOCES, Nekulak, Executive Director of Human Resources of Nassau BOCES, Scharoff, Supervisor 1- Speech Language and Hearing Services of Nassau BOCES, and Schwetz, Assistant Director of Nassau BOCES in their individual and official capacities. *See* Defs.' Mot., Kleinberg Decl., Ex. B, DE 17. Even though Plaintiff did not name Nassau BOCES as a specific party, Plaintiff's Notice clearly stated that "[plaintiff] intends to commence an action against Nassau BOCES and individual Respondents listed in the caption". *Id.* at 3. Plaintiff described the nature of claim to include: "Tort - Personal Injury - Defamation of character, Interference with Occupation, Infliction of Emotional Distress, Suffering, An injury to professional reputation, Disability Discrimination". *Id.*

6

Plaintiff appeared for a General Municipal Law § 50-h examination on November 12 and November 19, 2018.  FAC ¶ 98.

On March 19, 2021, nearly three years after serving a Notice of Claim, Plaintiff commenced this action in the Nassau County Supreme Court.  DE 1.  The Nassau BOCES Defendants removed the case to this Court.  *Id.*  On July 19, 2021, the parties appeared for a pre-motion conference where Plaintiff requested leave to amend her Complaint.  DE 11.  Plaintiff filed an Amended Complaint on August 17, 2021, to include a tortious interference with employment claim.  FAC ¶¶ 182, DE 13.

On November 5, 2021, Nassau BOCES Defendants moved to dismiss Plaintiff's Amended Complaint.  DE 16.  Subsequently, on April 29, 2022, Defendants Solomon and Island Psychiatry moved to dismiss Plaintiff's Amended Complaint.  DE 26.

## II.     LEGAL STANDARD

### A.  Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000).  "If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir.2012) (citing *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck—Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir.2005)); *see also Cacchillo v. Insmed*, Inc., 638 F.3d 401, 404 (2d Cir.2011) ("Generally, '[s]tanding is a federal jurisdictional question determining the power of the court to entertain the suit.'") (quoting *Carver v. City of New York*, 621 F.3d 221, 225 (2d Cir.2010)).

"[A] plaintiff must demonstrate standing for each claim and form of relief sought." *Mahon*, 683 F.3d at 62 (citations omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113. "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Buonasera v. Honest Company, Inc.*, 208 F.Supp.3d 555, 560 (S.D.N.Y. 2016) (citations omitted); *see also Clarke v. U.S.*, 107 F. Supp. 3d 238, 243 (E.D.N.Y. 2015) ("Courts must accept as true all material factual allegations in the complaint and refrain from drawing from the pleadings inferences favorable to the party asserting jurisdiction.") (citing *Fox v. Worldwide Chauffeured Transp. of N.Y., LLC*, No. 08-CV-1686, 2009 WL 1813230, at 1 (E.D.N.Y. June 25, 2009)).

### B. Rule 12(b)(6)

For a Rule 12(b)(6) motion to dismiss, a court must determine whether the complaint states a legally cognizable claim by making allegations that, if proven, would show that the plaintiff is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint successfully states a claim when there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

There are "[t]wo working principles" that guide this analysis: "First, the court must accept all factual allegations as true and draw all reasonable inferences in favor of the non-moving party," and "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss, and this determination is a context-specific task that requires the reviewing

court to draw on its judicial experience and common sense." *Giambrone v. Meritplan Ins. Co.*, 13-CV-7377 (MKB) (ST), 2017 WL 2303980, at *3 (E.D.N.Y. Feb. 28, 2017) (internal quotation marks, citation omitted), *adopted by* 2017 WL 2303507 (E.D.N.Y. May 24, 2017).  Although this Court is limited to facts as stated in the complaint, it may consider exhibits or documents incorporated by reference.  *See Int'l Audiotext Network, Inc. v. AT&T*, 62 F.3d 69, 72 (2d Cir. 1995).  The courts may also take judicial notice of the administrative proceedings including those before the EEOC and DHR.  *Falcon v. City Univ. of New York*, 263 F. Supp. 3d 416, 423-24 (E.D.N.Y. 2017) (considering EEOC records); *See Grays v. SDH Educ. W., LCC*, 16 Civ. 666 (DAB), 2017 WL 2240227, at 6 (S.D.N.Y. Mar. 23, 2017) (considering DHR complaint and records).

## III.    DISCUSSION

Plaintiff alleges federal due process claims and several state law claims.  This Court will first address the federal claims before exercising supplemental jurisdiction over any of the state law claims.

### A.    Plaintiff's Due Process Claims are Dismissed

#### 1.    Nassau BOCES Defendants

In her Amended Complaint, Plaintiff alleges civil rights and due process violations in accordance with 42 U.S.C. §§ 1983 and 1985, and Fifth and Fourteenth Amendments of the United State Constitution.  FAC ¶ 168.  Plaintiff alleges that she was subjected to an unnecessary psychiatric evaluation, was placed on suspensions/ administrative leaves that exceeded the maximum allowable amount of time, and had fabricated and unfounded charges again her in the permanent records with the New York State Department of Education that can be publicly viewed.  Pl.'s Opp., Mem. of Law at 11-12.  Nassau BOCES Defendants argue that the due

9

process claim fails because Plaintiff cannot satisfy the requisite elements of the claim. Defs.' Mot., Mem. of Law at 13, DE 18.

Section 1983 of Title 42 provides that "every person who, under color of [state law] subjects ... any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. For an employee's claim of violation of his or her due process rights, "[a] two-step inquiry is required to determine whether a plaintiff has suffered a violation of his due process rights in the employment context." *See Murray v. Williamsville Central School District*, 535 F.Supp.3d 164, 170-71 (W.D.N.Y. 2021) citing *Munno v. Town of Orangetown*, 391 F.Supp.2d 263, 269 (S.D.N.Y. 2005); *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985). First, the court must determine whether a protected property or liberty interest exists. *Id*. Second, the court must consider whether the government deprived plaintiff of that protected interest without due process. *Id.*; *see also Narumanchi v. Bd. of Tr. of Connecticut State Univ.*, 850 F.2d 70, 72 (2d Cir. 1988). "The Due Process Clause of the Fourteenth Amendment requires that, generally, a person must be afforded the opportunity for a hearing prior to being deprived of a constitutionally protected liberty or property interest." *Patterson v. City of Utica*, 370 F.3d 322, 329 (2d. Cir. 2004); U.S. Const. amend XIV, § 1; Bd. of *Regents v. Roth*, 408 U.S. 564, 569–70 & n. 7 (1972).

First, "[a] person's interest in his or her good reputation alone, apart from a more tangible interest, is not a liberty or property interest sufficient to invoke the procedural protections of the Due Process Clause or create a cause of action under § 1983." *Patterson,* 370 F.3d at 330; *Paul v. Davis*, 424 U.S. 693, 701 (1976); *Morris v. Lindau*, 196 F.3d 102, 114 (2d Cir.1999). "Loss of one's reputation can invoke the protections of the Due Process Clause if that loss is coupled with

10

the deprivation of a more tangible interest, such as loss of government employment." *Patterson,* 370 F.3d at 330; *Roth*, 408 U.S. at 572–73; *Valmonte v. Bane*, 18 F.3d 992, 999 (2d Cir.1994); *Patterson,* 370 F.3d at 330. This type of claim is commonly referred to as a "stigma-plus" claim. *Id*.

In instances where, as here, a claim deals with loss of reputation alone, a state law defamation action for damages is the appropriate means of vindicating that loss. *Davis*, 424 U.S. at 701–02. "A negative impact on job prospects, or, for that matter, romantic aspirations, friendships, self-esteem, or any other typical consequence of a bad reputation, is insufficient." *Boss v. Kelly*, 306 Fed. Appx. 649, 651 (2d Cir. 2009) (internal quotation marks and citation omitted). *Vosburgh v. Burnt Hills - Ballston Lake Central School District*, 1:18-CV-1003 (MAD/CFH), 2019 WL 315054 (N.D.N.Y. Jan. 24, 2019). "[D]efamation is simply not enough to support a cognizable liberty interest." *Valmonte*, 18 F.3d at 1001. It therefore follows that the deleterious effects which flow directly from a sullied reputation would normally also be insufficient. *Id*.; *Siegert v. Gilley*, 500 U.S. 226, 234 (1991); *Valmonte*, 18 F.3d at 1002; *see Siegert*, 500 U.S. at 241–42, 111 S.Ct. at 1798 (Marshall, J., dissenting) (criticizing majority opinion for suggesting that "reputational injury deprives a person of liberty only when combined with loss of present employment, not future employment").

A Second Circuit precedent where the stigma-plus plaintiff did not complain of loss government employment is instructive in this respect. *See Valmonte*, 18 F.3d at 994. In *Valmonte*, the court found deprivation of a tangible property interest when the plaintiff was included on the New York State Register of Child Abuse and Maltreatment. *Id*. Child-care employers are often required "to make inquiries to the Central Register to determine whether potential employees are among those listed." *Id*. at 995. If a potential employee's name is on

11

the register, "the employer can only hire the individual if the employer 'maintain[s] a written record, as part of the application file or employment record, of the specific reasons why such person was determined to be appropriate' for working in the child or health care field." *Id.* at 996 (quoting SSL § 424-(a)(2)(a)). The court found that registration under this statute invoked a tangible property interest because "[Plaintiff] alleges much more than a loss of employment flowing from the effects of simple defamation." *Id.* at 1001. The registry did "not simply defame [Plaintiff], it place[d] a tangible burden on her employment prospects." *Id.* This burden came because "by operation of law, her potential employers will be informed specifically about her inclusion on the Central Register and will therefore choose not to hire her. Moreover, if they do wish to hire her, those employers are required by law to explain the reasons why in writing." *Id.* More than the effects of defamation, these requirements amounted to "a specific opportunity to seek employment caused by a statutory impediment established by the state." *Id.*; *see also Harrington v. Jamesville Dewitt Central School District*, 5:17-CV-53 (TJM/DEP), 2017 WL 1327719 at 7 (N.D.N.Y. Apr. 11, 2017).

As to Nassau BOCES Defendants, no such state-established impediment is alleged here; the effects of the alleged defamation on the Plaintiff are reputational and the type that normally flow from the tort of defamation. Plaintiff has not alleged deprivation of a tangible property interest. Plaintiff's claims here are for loss of his reputation without a recognized due process violation, such as unlawful termination. Plaintiff was placed on an administrative leave and her teaching position was restored subsequently. FAC ¶ 95. Since Plaintiff remained employed by Defendant, she has not alleged the "plus" for the stigma-plus claim. *Id.*; s*ee Patterson*, 370 F.3d at 332 ("[i]t cannot, as a matter of law, be viewed as a significant alteration of plaintiff's employment status when, in fact, he was quickly hired back in the same position from which he

12

was supposedly fired"); *Brewer v. Hashim*, 738 Fed.Appx. 34 (Mem) (denying due process violation when "[plaintiff] does not allege any injury from the press release other than that it defamed him").

To the extent that Plaintiff relies on the fact that her suspension and disciplinary hearing are part of her permanent record and viewable to potential employers, and therefore may affect her future job prospects, this is precisely the type of deleterious effect which flows directly from simple defamation and has been found insufficient to constitute a due process violation. *See Ingber v. New York City Dep't of Educ.*, No. 14–CV–3942 (JMF), 2014 WL 6888777, at 1 (S.D.N.Y. 2014) ("[p]laintiffs' claim that the "red flag" next to their names and the fact that their personnel files will always state that charges had been filed against them will "affect their ability to obtain employment as a teacher in the future" is insufficient to show a due process violation). Unlike in *Valmonte*, there is no statutory registry that would prevent Plaintiff's future employment, or impose additional tangible burdens on employers seeking to hire Plaintiff. Any adverse employment consequences are simply the natural byproduct of the defamation – i.e., potential employer's potentially finding out that Plaintiff had been suspended and had disciplinary charges brought against her. Notably, Plaintiff's permanent record must also contain the fact that the suspension was lifted, the disciplinary charges dismissed, and her position ultimately restored.

Next, even if Plaintiff's liberty or property interests were violated, Plaintiff must also allege that she was deprived of these protected interests without due process. *See e.g., Narumanchi*, 850 F.2d at 72. Under the Due Process Clause of the Fourteenth Amendment, prior to termination, a "tenured public employee is entitled to [no more than] oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present

13

his side of the story." *see Ingber*, No. 14–CV–3942 (JMF), 2014 WL 6888777 at 4 (S.D.N.Y. 2014); *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). Here, the Amended Complaint reflects that Plaintiff was provided with written notice of the charges being brought against her, and there was a hearing in which she heard Nassau BOCES' evidence against her and presented her story. FAC ¶¶ 87, 94, 98; *see Ingber*, 2014 WL 6888777 at 1 (no deprivation of due process rights where plaintiffs alleged, they received written notices and pre-termination hearings). While Plaintiff might disagree with the alleged actions of the Nassau BOCES defendants and Dr. Solomon, her discontent does not trigger a due process violation.

Further, it is well-established that New York State law provides for a hearing under Article 78, in which a Plaintiff may raise the question, among others, of whether a state officer's "determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion." N.Y. Civ. Prac. L. & R. 7803. Article 78 hearings are considered to constitute sufficient process to challenge the actions of state officials. *Newman v. SUNY Broome Cmty. College et al.*, 2021 WL 3518306, at 4 (N.D.N.Y. May 6, 2021) ("Article 78 proceedings provide an adequate remedy for those who seek to challenge any action or inaction by an administrative agency or officers of state or local government" (quoting *Hourihan v. Lafferty*, 58 F. Supp. 2d 10, 15 (N.D.N.Y. 1999))). Here, Plaintiff did not exercise her right to initiate Article 78 proceedings, which is available to employees in her situation.

To the extent that Plaintiff asserts that Defendants deprived her of due process rights in violation of the Fifth Amendment, such a claim must be dismissed because "the Fifth Amendment only applies to actions by the Federal Government." *Castanza v. Town of Brookhaven*, 700 F.Supp.2d 277, 288 (E.D.N.Y.2010*); see also Cassidy v. Scoppetta*, 365 F.Supp.2d 283, 286 (E.D.N.Y.2005) (dismissing claim for violation of Fifth Amendment due

14

process rights when the plaintiffs had "not named the United States government or any agency or employee thereof as a defendant in this matter"); *LaForgia v. Hoch*, No. 15-CV-8589 (KMK), 2018 WL 4682019 (S.D.N.Y. Sept. 28, 2018) ("[p]laintiffs appear to bring their due process claim under the Fifth and Fourteenth Amendments, […] but because the Fifth Amendment Due Process Clause applies only to the federal government, [p]laintiffs' due process claims arise solely from the Fourteenth Amendment"). "The Fifth Amendment 'governs the conduct of the federal government and federal employees, and does not regulate the activities of state officials or state actors.'" *Cassidy*, 365 F.Supp.2d at 286.

Thus, the Court grants Nassau BOCES Defendants' motion to dismiss Plaintiff's federal due process claims.

### 2. Defendants Solomon and Island Psychiatry

As to Defendants Solomon and Island Psychiatry, Plaintiff argues that Dr. Solomon aided, abetted, and acted with Nassau BOCES Defendants in the fraud, deceit and defamation against Plaintiff in an attempt to terminate her employment and deprive her of civil rights.

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that some "person acting under color of state law" deprived her of a federal right. *See Washington v. James*, 782 F.2d 1134, 1138 (2d Cir. 1986); *Betts v. Shearman*, 751 F.3d 78, 85 (2d Cir. 2014); *see Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002). The plaintiff must show that the private actor and the state "share some common goal to violate the plaintiff's rights." *Betts*, 751 F.3d at 85. "A private party also acts under color of state law if it conspires with state actors to deprive someone of his or her constitutional rights." *See Baez v. Jetblue Airways*, 745 F. Supp. 2d 214, 221.

15

Here, Defendant Solomon, as a psychiatrist appointed by Nassau BOCES, evaluated Plaintiff under § 913. The court does not deal with the issue of whether he acted independently or in conspiracy with the Nassau BOCES Defendants, but assuming *arguendo*, he was a state actor, the foregoing factors that warrant dismissal of Plaintiff's civil rights claims as to Nassau BOCES Defendants also warrant dismissal of such claims as to Defendants Solomon and Island Psychiatry because Plaintiff has not shown that her federal due process rights were violated.

Thus, Defendants Solomon and Island Psychiatry's Motion to Dismiss Plaintiff's federal due process claims is granted.

### B. A portion of Plaintiff's Procedural Due Process Claim Based on Defendant Solomon's § 913 psychiatric evaluations is Time-Barred

The statute of limitations for a § 1983 claim is three years. *See Connolly v. McCall*, 254 F.3d 36, 40 (2d Cir. 2001); *see King v. New York City Emps. Ret. Sys.*, 2015 WL 4718004, at *13 (E.D.N.Y. 2015). Claims that are time-barred by this three-year statute of limitations must be dismissed. *See Kneitel v. Silvery*, 2018 WL 526486, at 3 (E.D.N.Y. 2018) (holding plaintiff's constitutional claims must be dismissed as time-barred). Under the federal standard, a § 1983 claim accrues when a plaintiff knows or has reason to know of the injury giving rise to the claim. *See Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (citations omitted); *see Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 465 (1975); *Kaiser v. Cahn*, 510 F.2d 282, 286-87 (2d Cir. 1974).

Where a continuing violation can be shown, the plaintiff is entitled to bring suit challenging all conduct that was a part of that violation, even conduct that occurred outside the limitations period. Generally, the continuing violation doctrine simply does not apply to plaintiff's Fourteenth Amendment procedural due process claim. This is because "[e]ach

16

decision made without due process is a discrete violation, and the statute of limitations begins to run from the date that the plaintiff was denied the full and fair hearing that he was entitled to." *Gonzalez v. Hasty*, 802 F.3d 212, 223 (2d Cir. 2015); *see also Povoski v. Lacy*, 2017 WL 9511094, at 8 (N.D.N.Y. 2017) (dismissing plaintiff's due process claim as time-barred because "each decision made without due process is a discrete violation, and the statute of limitations begins to run from the date that the plaintiff was denied the full and fair hearing he was entitled to").

Here, Dr. Solomon issued two evaluation reports: one on June 3, 2016, and another on October 24, 2016. Plaintiff, however, filed the action in March 2021. As such, Plaintiff's claims are time-barred. Even if Plaintiff filed the action timely or the Court were to toll the limitations period based on continuing violation doctrine, Plaintiff's due process claims fail for the reasons discussed above because Plaintiff has not shown any violation of her civil rights.

Thus, this Court determines that the portion of Plaintiff's § 1983 due process claim based on Defendant Solomon's § 913 psychiatric evaluations must also be dismissed as time-barred by a three-year statute of limitations.

### C. Plaintiff Fails to State a Monell Claim Against Nassau BOCES

A municipal entity or employee sued in his or her official capacity can be held accountable for a constitutional violation that has occurred pursuant to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers . . . [or] pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Monell v. New York City Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978). However, there is no *Monell* claim absent a constitutional violation. *See Lener v. Hempstead Pub. Sch.*, 55 F. Supp.

3d 267, 283, n. 14 (E.D.N.Y. 2014) ("[W]hen a plaintiff lacks any underlying claim of a deprivation of a constitutional right, the claim of municipal liability on the part of the municipal defendant must be dismissed as well.") (citing *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir.2006)); *Stewart v. Schiro*, No. 13–CV–3613 (NGG)(VMS), 2015 WL 1854198, at 17 (E.D.N.Y. Apr. 22, 2015) (the plaintiff's failure to demonstrate underlying constitutional violation was fatal to his *Monell* claim).

Thus, Plaintiff's *Monell* claim against Nassau BOCES is denied.

### D. The Individual Nassau BOCES Defendants should be Afforded Qualified Immunity

"An individual may be held liable under § 1983 only if that individual is personally involved in the alleged deprivation." *Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015) (citations omitted); *see also Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010). The doctrine of qualified immunity, however, "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "This exacting standard 'gives government officials breathing room to make reasonable but mistaken judgments.'" *Ashcroft v. al- Kidd*, 563 U.S. 731, 739 (2011)). A party is entitled to qualified immunity only if his or her conduct is not violative of clearly established rights which a reasonable person knew, or objectively and reasonably believed, did not violate such rights. *Id*.

Here, as discussed above, Plaintiff's constitutional rights were not violated. Even if they were, Plaintiff has not demonstrated individual Defendants Dillon, Nekulak, Scharoff and Schwetz were personally involved in the alleged constitutional violations. While she claims they

18

harassed her in the workplace, Plaintiff does not show these individuals were involved in the alleged constitutional violations, i.e., the decisions to subject her to an evaluation, disciplinary charges, or suspension. The individual Defendants reasonably acted on information presented to them by Nassau BOCES to investigate Plaintiff's time and employment records.

Thus, the individuals Defendants Dillon, Nekulak, Scharoff and Schwetz are entitled to qualified immunity.

### E. The Court Declines to Exercise Supplemental Jurisdiction over Plaintiff's State Law Claims

A federal district court has "original jurisdiction" over all civil actions arising under the laws of the United States. 28 U.S.C. § 1331. It is well established that where federal discrimination claims are dismissed, declining to exercise supplemental jurisdiction over remaining state claims is appropriate. *Sosa v. New York City Department of Education*, 368 F. Supp. 3d 489, 526 (E.D.N.Y. 2019); *see United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, (1966) ("Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."). Here, this Court has dismissed all of the federal claims. It is, therefore, appropriate that the Court decline to exercise supplemental jurisdiction and dismiss the remaining NY state law claims without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, this Court grants Defendants' Nassau BOCES, Dillon, Nekulak, Scharoff, Schwetz, Solomon and Island Psychiatry's Motion to Dismiss federal due process claims and declines to exercise supplemental jurisdiction over the state law claims.

**SO ORDERED.**

    /s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated:  Central Islip, New York
        September 29, 2022